O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DERRICK ELLIOT GRAY,

Plaintiff,

v.

LEANNE LUNDY, et al.,

Defendants.

Case No. 2:25-cv-10668-SSS-KES

ORDER ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation ("R&R") of the United States Magistrate Judge (Dkt. 14). Further, the Court has engaged in a de novo review of those portions of the R&R to which objections (Dkt. 15) have been made.

In this prisoner civil rights action, Plaintiff alleges violations of his constitutional rights arising from the withdrawal of funds from his prison account without his authorization. [Dkt. 1 at 9]. The Report found that, according to the Complaint, prison officials told Plaintiff the money probably had been mistakenly withdrawn and restored the money to Plaintiff's account within weeks. [Dkt. 14 at 3; *see also* Dkt. 1 at 10]. Thus, the Report recommends dismissal of the Complaint for failure to state a claim on which relief may be granted. *Id*. at 9. Plaintiff's

objections to the Report (Dkt. 15) do not merit any change to the Report's findings or recommendations.

Plaintiff objects that he has stated a procedural due process claim for prison officials' failure to respond adequately to his grievances about the incident. [Dkt. 15 at 3-5]. As the Report found, however, prisoners do not have a protected liberty interest in the manner in which their grievances are investigated. [Dkt. 14 at 5]. Moreover, Plaintiff did file grievances about the incident, does not allege retaliation for doing so, and had the money returned to his account. *Id*. at 5-6. Finally, Plaintiff was not entitled to any particular response or action as a result of filing his grievances. *Id*. at 6.

Plaintiff objects that he has stated a claim for a taking or for a government restriction on access to his property. [Dkt. 15 at 6]. As the Report found, however, Plaintiff's post-deprivation remedy was adequate because the money was returned to him. [Dkt. 14 at 7].

Plaintiff objects to the dismissal of his official capacity claims. [Dkt. 15 at 6-8]. As the Report found, however, Defendants have immunity under the Eleventh Amendment in their official capacity for monetary damages, and Plaintiff has no claim for injunctive relief because they money was already returned to him. [Dkt. 14 at 8]. To the extent that Plaintiff also suggests individual-capacity claims (Dkt. 15 at 6), he has failed to state a claim for a constitutional violation. As the Report explained repeatedly, based on Plaintiff's own allegations, "it appears that Defendants acted promptly and cooperatively in resolving the issue." [Dkt. 14 at 8]. "A temporary deprivation of property such as that alleged by plaintiff here is not an atypical and significant hardship in relation to the ordinary incidents of prison life." *Cummer v. Tilton*, 2010 WL 2606502, at *5 (E.D. Cal. June 28, 2010) (dismissing claim without leave to amend where prisoner alleged he had lost access to his property for approximately three to five weeks), *affirmed*, 465 F. App'x 598, 599 (9th Cir. 2012).

The Court accepts the findings, conclusions, and recommendations of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that Judgment be entered (1) dismissing all federal claims in the Complaint with prejudice and without leave to amend, and (2) dismissing all state law claims without prejudice but without leave to amend.

DATED: March 18, 2026

_____
Hon. Sunshine Suzanne Sykes
UNITED STATES DISTRICT JUDGE

3